**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 30 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-48 |
| Plaintiff - Appellee, | D.C. No. 2:19-cr-01121-GMS-1 |
| v. | |
| VIVIAN A. EARLE, AKA Vivian A. Earl, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted May 14, 2025
Phoenix, Arizona

Before: RAWLINSON, BUMATAY, and SANCHEZ, Circuit Judges.

Vivian A. Earle ("Earle") appeals his jury conviction on five counts of bank

robbery in violation of 18 U.S.C. § 2113(a). We affirm.[1]

1. We review de novo the denial of a motion to suppress based on challenges

to *Miranda* warnings and the voluntariness of a confession. *United States v.*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.
[1] The Motion for Reassignment upon Remand, Dkt. 26, and Motion to Remand, Dkt. 60, are DENIED as moot.

*Ramos*, 65 F.4th 427, 433 (9th Cir. 2023); *United States v. Craighead*, 539 F.3d 1073, 1082 (9th Cir. 2008). Earle contends that the district court erred by excluding evidence that his confession to Agent Paul Lee was involuntary under *Crane v. Kentucky*, 476 U.S. 683 (1986). We are not persuaded. Unlike in *Crane*, the jury was shown an aerial recording of Earle's arrest and his videotaped interview with Agent Lee, which followed a clear *Miranda* warning. The jury was able to consider the physical circumstances of his arrest and interrogation and determine for itself whether his statements were credible.

Nor has Earle demonstrated that the exclusion of his exchange with Officer Blake Hammond constituted error. Although Earle stated that he did not wish to speak to Officer Hammond, he volunteered that he wanted to speak to "the lead detective." The district court concluded that the limited exchange between Officer Hammond and Earle concerning matters unrelated to Earle's arrest did not constitute an interrogation. *See United States v. Moreno-Flores*, 33 F.3d 1164, 1169 (9th Cir. 1994). Considering "the totality of all the surrounding circumstances," Earle fails to demonstrate how Officer Hammond's statements rendered his confession to Agent Lee involuntary. *See Dickerson v. United States*, 530 U.S. 428, 434 (2000).

2. Reviewing de novo, the district court did not violate the Speedy Trial Act

("STA").[2] *United States v. Olsen*, 21 F.4th 1036, 1040 (9th Cir. 2022). "Because 'the attorney is the [defendant's] agent when acting, or failing to act, in furtherance of the litigation,' delay caused by the defendant's counsel is also charged against the defendant." *Vermont v. Brillon*, 556 U.S. 81, 90-91 (2009) (citation omitted). The delays caused by continuances requested by Earle's court-appointed counsel are therefore ascribed to Earle. *Id.* The district court's orders granting trial continuances were also "specifically limited in time" and supported "with reference to the facts as of the time the delay is ordered." *United States v. Henry*, 984 F.3d 1343, 1351 (9th Cir. 2021). Earle fails to show that the district court's ends of justice determinations were clearly erroneous. *Olsen*, 21 F.4th at 1040. Moreover, the STA clock did not lapse on November 23, 2021, because Earle filed other motions that tolled the clock. *See* 18 U.S.C. §§ 3161(h)(1)(C)-(D), (H).

3. Reviewing de novo, the district court correctly found that Earle waived his right to counsel by conduct. *United States v. French*, 748 F.3d 922, 929 (9th Cir. 2014). "In general, district courts must ensure that a defendant understands: (1) the nature of the charges against [him]; (2) the possible penalties; and (3) the dangers and disadvantages of self-representation." *Id.* Earle went through four court-appointed attorneys, who moved to withdraw either due to an inability to

---

[2] Because Earle's brief only discusses the STA and does not separately address a Sixth Amendment challenge, any such argument is waived. *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994).

communicate with Earle or after Earle requested a change in counsel. The district court repeatedly warned Earle that it would not continue granting a change in counsel. After the appointment of a fourth attorney, it issued a *Faretta* order which "correctly advised [Earle] of the risks of self-representation, the nature of the charges against him, and the penalties he faced." *United States v. Sutcliffe*, 505 F.3d 944, 955 (9th Cir. 2007). There was no error in the waiver determination.

4. We "review whether the factual foundation was sufficient to warrant a jury instruction for an abuse of discretion." *United States v. Wiggan*, 700 F.3d 1204, 1210 (9th Cir. 2012). If error occurs, we "need not reverse" if "there is no reasonable possibility that the error materially affected the verdict." *United States v. Bachmeier*, 8 F.4th 1059, 1065 (9th Cir. 2021). The only evidence alluding to duress was Earle's videotaped statement to Agent Lee blaming "the Mexicans" for the bank robberies, which the Government introduced into evidence over Earle's objection. The Government acknowledges that Earle did not assert a duress defense at trial or in closing arguments. Assuming without deciding that the district erred in instructing the jury on a duress defense, that error was harmless beyond a reasonable doubt. The district court qualified its duress instruction, stating that "[t]here is evidence to suggest defendant may have acted under compulsion at the time of the crime charged." It made clear that the Government still had the burden to prove beyond a reasonable doubt that Earle committed each

element of bank robbery. The instruction on the robbery counts also reinforced the Government's burden of proof beyond a reasonable doubt. Read together, these instructions would not have caused any juror confusion. There was also substantial physical, video, and testimonial evidence of Earle's guilt.

5. Reviewing de novo, the district court did not violate Earle's Confrontation Clause rights. Unlike the expert in *Smith v. Arizona*, 602 U.S. 779 (2024), the supervisory forensic examiner testified about his own report and did not rely on a non-testifying expert's report. Although the Government's expert did not conduct the DNA tests himself, he supervised and directed the team of lab technicians who performed the tests and provided him with the results. He interpreted the results, drew conclusions, and wrote those conclusions in a Report of Examination, which was the basis of his testimony at trial.

6. Reviewing de novo, the district court properly denied Earle's mid-trial motion to suppress. *United States v. Ruiz*, 428 F.3d 877, 880 (9th Cir. 2005). Because Earle failed to provide any facts to support his mid-trial motion, there were no factual issues involved in deciding the motion. Nor does Earle identify any factual disagreement about the probable cause supporting his arrest and search. In light of our conclusions, we find no cumulative error. *See United States v. Solorio*, 669 F.3d 943, 956 (9th Cir. 2012).

**AFFIRMED.**

5                                    24-48